IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHRISTOPHER DANIEL CROMARTIE, )
JR., )
                                             )
            Petitioner, )
                                             )
            v. )    1:20CV377
                                             )
NORTH CAROLINA DEPARTMENT )
OF PUBLIC SAFETY, )
                                             )
            Respondent. )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Christopher Daniel Cromartie, Jr., a prisoner of the State of North Carolina, brings a Petition [Doc. #2] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which Respondent opposes with a Motion to Dismiss [Doc. #13]. According to Petitioner, he was convicted on August 31, 2017 of the prison disciplinary offenses of lock tampering, threatening to harm or injure staff, and disobeying an order. Petitioner appealed the convictions, but prison authorities upheld the convictions, with the final decision being issued by the North Carolina Department of Public Safety on October 31, 2017. (Respondent's Brief [Doc. #14], Ex. 1 at 1.) On April 21, 2020, Petitioner signed and dated his current Petition as having been placed in the prison mailing system. The Court received the Petition on April 24, 2020. After being ordered to answer, Respondent filed its Motion to Dismiss.

## Petitioner's Claims

Petitioner raises what are set out as four claims for relief in his Petition, all of which relate to his disciplinary conviction. First, he contends that he "received statements from witnesses on [the] scene of the alleged allegations" and that the statements were "NOT included with the original document(s) [or] orally or verbally recorded." (Petition, § 12, Ground One.) Second, he claims that the officer investigating the infractions committed perjury and did not include video footage. (Id., Ground Two.) Third, Petitioner requests video footage of the incident and asserts that it will show his innocence. (Id., Ground Three.) Finally, Petitioner requests the reimbursement of costs related to the convictions and the restoration of good time points and credits. (Id., Ground Four.)

## Statute of Limitations

Respondent seeks dismissal of Petitioner's claims on the ground that Petitioner filed them outside of the one-year limitation period, 28 U.S.C. § 2244(d)(1). In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Here, Petitioner is not challenging a state court judgment and makes no claim of a state-created impediment or a new constitutional right. Therefore, subparagraphs (A), (B), and (C) do not apply. Instead, subparagraph (D) controls and Petitioner's one-year limitation period as to those claims commenced on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D). See generally Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003); Kimbrell v. Cockrell, 311 F.3d 361 (5th Cir. 2002).

Petitioner obviously knew or could have known through the exercise of due diligence of his conviction, what evidence was or was not used, and that the conviction had been upheld by on or about October 31, 2017. This includes any facts related to video footage, witness statements, and officer statements. Therefore, his year to file in this Court began to run on that date at the latest and expired a year later on October 31, 2018, without Petitioner having made any filing in this Court regarding these convictions.[1] In fact, he did not file his current Petition until April 21, 2020, or almost a year and a half later. The Petition is well out of time. Petitioner makes a conclusory allegation that he received "new" evidence in the form of

---

[1] Petitioner made filings in several other cases, including some related to separate disciplinary convictions, but did not make any prior filing involving the set of disciplinary convictions challenged in the instant action.

3

witness statements, but does not provide those statements, explain them, or explain why he could not have discovered them through the exercise of due diligence at the time of his conviction or at any other point that would affect the beginning of his time to file in this Court. His claims are untimely and should be dismissed as such. Therefore, this action should be dismissed in its entirety.

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #13] be granted, that the claims raised in the Petition [Doc. #2] be dismissed, that this action be dismissed, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability be denied.

This, the 18th day of November, 2021.

/s/ Joi Elizabeth Peake
United States Magistrate Judge